Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*
16 Briarbrook Road, Ossining, NY 10562
Phone (914) 330-1527  *paulcist@justice.com*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
**PETER  ORTIZ,**

|  |  |
|---|---|
| **Plaintiff,** | **VERIFIED COMPLAINT** |
| | **AND JURY TRIAL DEMAND** |
| **-against-** | |
| | **INDEX NO. _____** |
| | **ASSIGNED JUDGE:_____** |
| **W.B. MASON COMPANY,  INC.,** | |
| **Defendant.** | |

--------------------------------------------------------x

Plaintiff Peter Ortiz, by and through his attorney, Paul N. Cisternino, as and for his Verified Complaint, alleges as follows:


**INTRODUCTION**

1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.*,

and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

3.  Plaintiff alleges herein that he was denied the equal terms, conditions and privileges of employment, subjected to discrimination based on his race and/or national origin, subjected to retaliation, to a hostile work environment and to unlawful termination.

## JURISDICTION AND VENUE

4.  The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5.  The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6.  Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and his complaint was dual filed with the New York State Division of Human Rights. Plaintiff received a written Dismissal from the Commission and the instant complaint has been filed within ninety days of the receipt thereof.

## PARTIES

7.  Plaintiff at all times relevant herein resided within the State of New York.

8.  Upon information and belief the Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq.*

## ALLEGATIONS

9.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. The Plaintiff is a 42 year-old Hispanic male of Puerto Rican national origin who had been employed by the Defendant for approximately one year as a Truck Driver.

11. During his period of working for the Defendant, the Plaintiff has always acted in a competent and professional manner; having had neither time, attendance, disciplinary nor negative performance issues of any kind, except as to those such matters under dispute herein.

12. Upon information and belief, the Plaintiff was subjected to discrimination based on his race or national origin and also subjected to retaliation for complaining of discriminatory conduct and about a hostile work environment.

13. The Defendant's work environment was tainted by racial animus perpetrated by employees and managers alike; for example, Supervisor Brian Moore was often verbally abusive and acted in an offensive manner, even repeatedly using the 'n' word, and Regional Manager Peter Reyes implied that because the Plaintiff was Hispanic he must [falsely] have a drug problem, stating that the Plaintiff should drink cranberry juice in anticipation of an upcoming drug test to mask his [Plaintiff's] drug use.

14. The Plaintiff informed various managers about the foregoing and even consulted with Human Resources about these and other issues, to no avail.

15. The Plaintiff also informed management that a driver named "Jeff" (last name unknown) came to work intoxicated and was stealing supplies from the company and that Brian Moore came to work drunk and appeared to be using drugs while working.

16. During this period the Plaintiff was also given a problem with his vacation requests being denied, however, such requests by other similarly situated non-minority employees who had not complained were routinely approved; in addition, the Plaintiff was given the most undesirable delivery routes and often had his equipment taken by other employees without permission, which negatively effected his ability to complete his tasks; the Plaintiff also found that discipline was not applied fairly along racial lines by Defendant management.

17. The Plaintiff was unfairly suspended after an August 22, 2016 'incident' with Driver Estarlin Reynoso and Driver's Helper Rafael Vega-Cruz; however, it was Reynoso who initiated the altercation and the Plaintiff did not do anything to antagonize him or to escalate the situation; in fact, Vega-Cruz precipitated and escalated the 'incident' by belittlingly calling the Plaintiff "pussy" and "little girl."

18. On or about August 23, 2016, the Plaintiff attended a meeting with various management and human resources personnel to discuss the various problematic issues he had encountered on the job and to provide his explanation for what had actually occurred the previous day.

19. Instead of responding to the Plaintiff's concerns or accepting his explanation for what had occurred the Plaintiff was summarily terminated on August 23, 2016, without adequate explanation, advance warning or any type of progressive discipline being used; it is Plaintiff's contention that his race or national origin caused this termination or that it was in retaliation for complaining of the various discriminatory actions against him.

20. To the Plaintiff's knowledge, although the Defendant has a written anti-

discrimination policy, they do not properly post it, distribute it or adequately enforce it.

21. At the time of his termination, the Plaintiff was making approximately $60,000 per year; since being terminated, he has been unable to obtain replacement employment, despite his good faith efforts to do so.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON RACE AND/OR NATIONAL ORIGIN UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

22. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "21" as though fully set forth herein.

23. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON RACE AND/OR NATIONAL ORIGIN UNDER NEW YORK EXECUTIVE LAW §290

24. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" as though fully set forth herein.

25. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

**AS AND FOR A THIRD CAUSE OF ACTION BASED ON HOSTILE WORK
ENVIRONMENT UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT**

26. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" as though fully set forth herein.

27. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

**AS AND FOR A FOURTH CAUSE OF ACTION BASED ON HOSTILE WORK
ENVIRONMENT UNDER NEW YORK EXECUTIVE LAW §290**

28. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" as though fully set forth herein.

29. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## AS AND FOR A FIFTH CAUSE OF ACTION BASED ON
## RETALIATION UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

30. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "29" as though fully set forth herein.

31. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SIXTH CAUSE OF ACTION BASED
## ON RETALIATION UNDER NEW YORK EXECUTIVE LAW §290

32. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "31" as though fully set forth herein.

33. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Peter Ortiz respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.


## **JURY DEMAND**

Plaintiff demands a jury trial for all claims stated herein.


Dated:  Ossining, New York
           September 5, 2017


                              Respectfully submitted,

                              Law Office of Paul N. Cisternino, P.C.
                              *Attorneys for Plaintiff*

                              _____
                              Paul N. Cisternino (PC-0317)

**VERIFICATION**

STATE OF NEW YORK                    )
                                     )  SS:
COUNTY OF WESTCHESTER                )


Peter Ortiz, being duly sworn, deposes and says:

I am the Plaintiff herein.  I have read the foregoing and know the contents thereof;

the same is true of my own knowledge except as to the matters stated on information and

belief; as to those matters, I believe the same to be true.


PETER ORTIZ

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires _3/1/19_


Subscribed and sworn to before me this
_5_ th day of  September 2017.


_____
Notary Public

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          INDEX NO. _____

PETER  ORTIZ, Plaintiff

-against-

W.B. MASON COMPANY, INC., Defendant

VERIFIED COMPLAINT AND

JURY TRIAL DEMAND

Law Office of Paul N. Cisternino, P.C.
16  Briarbrook Road
Ossining, New York 10562
Tel: (914) 330-1527
*paulcist@justice.com*

- Litigation Back -